Filed 3/2/21  P. v. Velasco CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ALEJANDRO JARDER VELASCO,<br><br>　　　Defendant and Appellant. | B305629<br><br>(Los Angeles County<br>Super. Ct. No. TA148620) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Affirmed.

_____

　　　　Victoria H. Stafford, under appointment by the Court of Appeal, and Alejandro Jarder Velasco, in pro. per, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

_____

A jury convicted defendant Alejandro Jarder Velasco of three counts of committing a lewd act on a child under 14 years of age (counts 1, 2, & 4; Pen. Code,[1] § 288, subd. (a)), one count of continuous sexual abuse (count 3; § 288.5, subd. (a)), eight counts of committing a lewd act on a child 14 or 15 years of age (counts 5–12; § 288, subd. (c)(1)), two counts of oral copulation with a minor (counts 14, 15; § 287, subd. (b)(1), and one count of sexual penetration with a minor (count 16; § 289, subd. (h)).  The victim of defendant's crimes is his wife's niece, M.R.

In connection with counts 2 and 4, the jury also found true allegations that defendant had "substantial sexual conduct with [M.R.]" within the meaning of section 1203.066, subdivision (a)(8).[2] The jury acquitted defendant of one count of unlawful sexual intercourse with a minor  (§ 261.5, subd. (c)).

The court sentenced defendant to prison for 20 years, comprised of the following terms:  12 years on count 3; consecutive two-year terms on each of counts 1, 2, and 4; a consecutive eight-month term on count 5; one-year concurrent terms on each of counts 6 through 12; a consecutive eight-month term on count 14; a concurrent 16-month term on count 15; and an eight-month consecutive term on count 16.  The court also imposed a restitution fine in the amount of $300 (§ 1202.4, subd. (b)), imposed and stayed a parole revocation restitution fine in the amount of $300 (§ 1202.45, subd. (a)), imposed a $600 court operations fee (§ 1465.8, subd. (a)(1), and a $450 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)).

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[2] This finding precluded the court from granting probation to defendant or suspending the execution or imposition of the sentence on counts 2 and 4.  (§ 1203.066, subd. (a).)

Defendant filed a timely notice of appeal.

We appointed counsel for defendant, who filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues on appeal and requesting that we independently review the record to determine if the lower court committed any error. On November 25, 2020, counsel sent a copy of the brief and the record to defendant and informed him that he may file a supplemental brief. On November 30, 2020, this court informed defendant that he may submit a supplemental brief or letter of any grounds of appeal, contentions, or argument he wishes the court to consider. On January 26, 2021, defendant submitted a late supplemental brief, which we permitted him to file. We address his arguments below.

## FACTUAL SUMMARY

M.R. was born in 2002 and was 17 years old at the time of trial. According to M.R., on a day in June 2010, when she was eight years old, she was visiting in the home of defendant and defendant's wife, Myrabella. While she was resting on a bed, defendant entered the room, lifted M.R.'s shirt, and put his mouth on M.R.'s breasts for 20 to 30 seconds, then walked away.

Three years later, M.R. began residing permanently in the defendant and Myrabella's home. During the next six years, defendant committed lewd and sexually abusive acts against M.R. almost daily. The abuse included, among other acts, defendant orally copulating M.R., defendant penetrating M.R.'s vagina with his finger, defendant sucking M.R.'s breasts, touching M.R.'s genitalia with his penis, and having M.R. orally copulate him.

Myrabella first suspected sexual activity between defendant and M.R. on February 16, 2019, when she saw a text message on M.R.'s phone stating: "Do you want me to kiss your thing? You want me to give sweet kisses? Do you want me to kiss it?" The

message further stated, "[M.R.] I love you.  Come suck me more." Myrabella determined that the text was sent from defendant's cell phone.

Myrabella became distraught by the message and, on February 19, 2019, told defendant she did not trust him and asked him to leave their home.  When defendant asked her why, she told him, "[D]on't tell me that you do not know."  Defendant then called M.R. and said, "I think she found out about us," and told M.R. that if Myrabella asks, to "deny it."  Defendant also sent M.R. numerous text messages telling her to "deny it," and directing her to delete their messages.

When Myrabella confronted M.R., M.R. told her that defendant had been molesting her "from the summer before third grade up until" the present.

Myrabella and M.R. informed law enforcement about the abuse on April 5, 2019.

## DISCUSSION

Defendant's 25-page supplemental brief, which lacks headings or distinct parts, appears to raise the following arguments:  (1) The evidence was insufficient to support the verdicts; (2) defendant was deprived of his right to a fair trial because of juror bias, judicial bias, and juror misconduct; (3) the court erred by denying his request for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*); and (4) he was deprived of his right to the effective assistance of counsel.

### A.    *Sufficiency of the Evidence*

Defendant challenges the sufficiency of the evidence supporting his convictions.  In assessing this argument, our task is to "review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and

of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) In making this determination, we "view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Jones* (1990) 51 Cal.3d 294, 314.) We do not reweigh the evidence, resolve conflicts in the evidence, or reevaluate the credibility of witnesses. (*People v. Maury* (2003) 30 Cal.4th 342, 403; *People v. Little* (2004) 115 Cal.App.4th 766, 771.)

Defendant contends that because a forensic examination of his cell phone and a flash drive revealed no incriminating evidence of text messages or videos, there is no evidence that he sent the text message Myrabella found on M.R.'s phone. Even in the absence of such evidence, however, the testimony of M.R., as to defendant's conduct over the course of nine years provides substantial evidence to support the convictions. Although the evidence regarding the text message was relevant to show how Myrabella learned of defendant's relationship with M.R., it was, in light of other evidence, unnecessary to establish the elements of his crimes.

Defendant devotes much of his brief to arguments that M.R. and Myrabella testified falsely or created the alleged misimpression that M.R. is "naïve and [he is] a cold blooded monster." He dismisses the evidence of his sexual abuse of M.R. as "assumed, coerced, . . . pure allegations" and "lies." M.R.'s testimony that the sexual abuse occurred five to seven times each week for nine years is, he contends, "[a]n absurd exaggeration." He asserts that M.R. is not only "a pathological liar," but "a very ungrateful one," and Myrabella is "a liar [and] a half." These contentions are not within our purview. As stated above, issues concerning the credibility of witnesses and the determination of the truth or falsity of testimony

5

are within "the exclusive province of the trial judge or jury." (*People v. Maury, supra,* 30 Cal.4th at p. 403.) We will not disturb them.

Based on our independent review of the record, there is no arguable issue concerning the sufficiency of the evidence supporting the convictions.

### B.    *Fair Trial Issues*

Defendant asserts various arguments that implicate his right to a fair trial. He contends that during jury selection, a prospective juror stated that she "already hates" defendant because she was a rape victim. Nevertheless, the juror was ultimately selected for the jury and became the jury forewoman. Defendant does not, however, refer us to the record for this argument and our record does not include a transcription of juror voir dire. We cannot, therefore, review the claim.

Defendant contends that his counsel, the prosecutor, the judge, the juror who hated him, and his accusers were biased against him because they are female. The argument is based on conjecture and made without reference to evidence of bias; in short, it is meritless.

Defendant further contends that his sisters were in the courtroom while the jury deliberated and heard the jurors laughing. The argument is without support in the record.

### C.    *Marsden Hearing*

Prior to the start of trial, defendant requested and was granted a *Marsden* hearing. Under *Marsden*, " ' " [w]hen a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance. [Citation.] A defendant is entitled to relief if the record clearly shows that the first appointed attorney

6

is not providing adequate representation [citation] or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' " [Citation.] The decision whether to grant a requested substitution is within the discretion of the trial court; appellate courts will not find an abuse of that discretion unless the failure to remove appointed counsel and appoint replacement counsel would "substantially impair" the defendant's right to effective assistance of counsel.' " (*People v. Abilez* (2007) 41 Cal.4th 472, 487–488.)

Defendant contends the court's failure to appoint new counsel was error. We have reviewed the transcript of the *Marsden* hearing. The court allowed defendant to express his concerns about counsel and her representation of him and gave him the opportunity to relate specific instances of her inadequate performance. The court permitted counsel to respond to defendant's assertions and determined there had not been a breakdown in the relationship between them such that it would make it impossible for counsel to properly represent defendant. Based on our review, the court did not abuse its discretion in denying defendant's *Marsden* motion.

### D.     *Ineffective Assistance of Counsel*

Defendant asserts that he was deprived of his right to the effective assistance of counsel in numerous ways, including failing to file unspecified motions on his behalf, having "a preconceive[d] notion that the trial will result in conviction," failing to "present character witnesses" he had offered, advising him not to testify at trial, and failing to challenge the allegedly false evidence presented by M.R. and Myrabella.

To demonstrate ineffective assistance of counsel, defendant "must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." (*Wiggins v. Smith* (2003)

7

539 U.S. 510, 521, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687.)  Defendant has failed to establish, and our review of the record does not reveal, an arguable issue as to either of these elements.

**E.    *Conclusion***

Pursuant to *Wende*, we have reviewed the record to determine whether there is any arguable issue.  Based on our review of the record, defendant's contentions, and the applicable law, we are satisfied that defendant's counsel has fully complied with her responsibilities and that no arguable appellate issues exist.  (*Wende, supra,* 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The judgment is affirmed.
<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



BENDIX, J.

8